■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY McCALL, Appellant. [629 NYS2d 198] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 7, 1993, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Since the defense position, presented in opening, explored through cross-examination, and argued in summation, was

that the police observations of defendant were both inadequate and inaccurate, the court properly admitted testimony that the observing officer kept his attention focused on defendant from his initial appearance on the street until his apprehension approximately 10 minutes after completion of the charged drug sales. The officer's testimony that after the charged sales, he observed several individuals approach defendant and leave within seconds after some "hand motions" were made, and that he then observed defendant in possession of a bakery box and a cookie, simply does not constitute evidence of uncharged crimes. Indeed, it was defense theory that defendant was a mere panhandler who received food and change from individuals in the area, and that the drug sales were made by an unidentified individual who evaded the police. Nor does the testimony that a vial of a non-narcotic substance was recovered from defendant upon arrest warrant reversal of the conviction.

Defendant's argument that he was prejudiced by the court's instructions to the jury, within its final charge, that the case must be determined on the evidence or lack thereof regarding only the two crimes charged, without speculation in connection with testimony regarding events either before or after the alleged sale, is unpersuasive in light of the presumption that the court's instructions were understood and followed by the jurors (*People v Davis*, 58 NY2d 1102, 1104).

We have examined defendant's other contention and find it to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.